### SIMEON N. FROST *vs.* SETH GAGE.

If a voluntary assignment for the benefit of creditors has been executed by a debtor, upon the delivery to him of a release from his debts, a creditor who, by a secret agreement not to claim any portion of the proceeds of the estate, induced the assignee, who was also a creditor, to sign the release and to procure the signatures of other creditors thereto, cannot maintain an action against the assignee to recover the dividend upon his debt.

CONTRACT. At the second trial of this case, after the facts reported in 1 Allen, 262, had been proved, the plaintiff offered in evidence a release of their several claims by the creditors of Richard Frost, and Richard testified that, after the release had been signed by the plaintiff and defendant, the latter procured the signatures of other creditors to the same, and delivered it to him, and he thereupon executed the assignment to the defendant. The defendant then offered to prove that he was Richard's largest creditor; that the plaintiff, who was Richard's son, requested him to aid in obtaining a settlement with Richard's creditors, and promised to make no claim upon him for any part of the proceeds of Richard's estate which might come into his hands as assignee, but to allow him to retain the plaintiff's share for his services, and also to execute to him a promissory note for a further sum, if he would sign the release and procure the signatures of other creditors to the same; and that he, being induced by said promise, did sign the release and procure the signatures of other creditors to the same. *Morton,* J. rejected this evidence, and the jury returned a verdict for the plaintiff. The defendant alleged exceptions.

*W. P. Webster,* for the defendant.

*A. F. L. Norris,* for the plaintiff.

BIGELOW, C. J. The right of the plaintiff to maintain his action on the second count, on proof of the facts therein set forth, was determined at the former hearing of this case. 1 Allen, 262. The only point now raised which was not then considered by the court arises on the evidence offered by the defendant to show that there was an agreement between him

and the plaintiff, by which the former agreed to sign the com-position deed and procure the release of the other creditors of Richard Frost on a promise by the latter to pay a portion of the debt due from said Richard to the defendant, in addition to the dividend which he might receive under the assignment, in common with the other creditors. That such an agreement would be a fraud on the other creditors, and that the defendant could maintain no action upon it against the plaintiff, is too clear to admit of any doubt. It was a secret and underhand contract by which the defendant secured to himself an advantage over other creditors of the insolvent, while at the same time he was holding out to the same creditors that he was to share in the assets equally with them, and thereby inducing them to sign the composition deed and release the debtor from their claims. Story on Eq. § 378. *Cockshott* v. *Bennett,* 2 T. R. 763, 766. *Lewis* v. *Jones,* 4 B. & C. 511. *Case* v. *Gerrish,* 15 Pick. 49. The question then presents itself, whether such a fraudulent agreement can be set up by the defendant, who was a party to it, as a defence to an action by the plaintiff to recover the same share or dividend of the assets of the debtor as has been paid to the other creditors by the defendant. This is in some respects a novel question; but it seems to us to come within principles recognized in the adjudged cases, by the application of which it can be readily solved. Assuming that the defendant could establish all the facts contained in his offer of proof, it is clear that the plaintiff was a party to the fraudulent agreement by which the signatures of the other creditors to the release of the debtor were obtained. It was by his procurement, and on a promise by him to pay the defendant a portion of his debt beyond the amount which he would receive from the estate of the debtor, that the latter was induced to sign the release and to become the agent in procuring the signatures of the other creditors. It was through the procurement and instrumentality of the plaintiff, and by means of an agreement which operated as a fraud on the other creditors, to which he was a party, and for which he furnished the consideration, that the composition and release were obtained. He was therefore a participator in the fraud.

Holding the relation of a creditor, and bound to act with good faith towards the other creditors, in entering into an agreement with them to compound with their debtor and to release him from their debts, he became a party to an agreement by which a secret advantage was attempted to be secured to the defendant, by which he was induced to become a party to the assignment and release, and thereby to hold out false colors to the other creditors, and lead them to believe that all were acting on equal terms, and to grant a discharge to their debtor on the faith that all were to receive a like proportion of their respective debts. To adopt the significant figure which has been used to describe the effect of a transaction of this nature, in Story on Eq. § 378, the plaintiff did not himself act as a decoy duck to mislead the other creditors, but he did that which was quite as effectual in accomplishing the fraud on them : he procured the duck, and placed him in a position in which he was enabled to practise a deception, and to draw the creditors into an arrangement with their debtor to which otherwise they might not have assented. In this aspect of the case, we do not see that the plaintiff stands in any better situation, or is entitled to any greater favor in a court of law than the defendant. As participators in the fraud, they both stand on an equal footing. Neither can claim to recover anything in an action which can be maintained only by proof of a transaction into any part of which his fraud has entered as an essential element, affecting the rights of any parties interested therein. It is on this ground that it has been held that a creditor cannot recover his share or dividend under a composition deed to which he became a party, if he had previously taken a private agreement for the payment of the residue of the debt. His right to recover the amount to which the fraudulent agreement did not extend is forfeited by his participation in a fraud connected with another part of the same transaction. The whole is regarded as an entire agreement, which is vitiated by the fraudulent act of the party, as to him, so that he can claim no benefit under any of its provisions. *Higgins* v. *Pitt*, 4 Exch. 323. *Knight* v. *Hunt*, 5 Bing. 432. *Howden* v. *Haigh*, 11 Ad. & El. 1033. Forsyth on Composition with Creditors, 152. It is

quite immaterial that the funds to be distributed among other creditors are not diminished or rendered less available in consequence of the secret agreement. The fraud consists, not in causing any injury to the assets of the debtor, or in reducing the share or interest to which the creditors are entitled under the composition, but in the attempt to induce them to enter into an agreement for an equal dividend on their debts in ignorance of a private bar-. gain, whereby a creditor is to receive an additional sum to that to which he may be entitled in common with all the creditors. Such an agreement vitiates the whole transaction, so that the party can claim no benefit under a composition into which he entered in consequence of such corrupt or fraudulent contract. It is quite clear, therefore, that the defendant, if he did not stand in the position of assignee having possession of the assets, and were compelled to bring an action for the share or dividend on his debt which might be coming to him in common with the other creditors, could not recover. The agreement into which he entered with the plaintiff would be a bar to his right to recover even that sum to which the fraudulent agreement did not extend. For a like reason, the plaintiff in this suit ought not to be allowed to recover. The fraud in which he participated, and by which he aided in inducing creditors to become parties to the release of their debtor, taints the whole transaction as to him, and deprives him of the right of maintaining an action to enforce in a court of law that part of the agreement of composition to which the secret agreement did not immediately relate.

It may be suggested that the application of this rule leads in the present case to the result of leaving in the hands of the defendant, who was equally guilty with the plaintiff, the fruits of the fraud. But this is often the consequence of allowing a party to plead in defence the illegality of a transaction on which a cause of action is founded. Such defences are allowed, no out of favor to defendants, or to protect them from the effects of their unlawful contracts, but on grounds of public policy, which does not permit courts of justice to be used to aid either party in enforcing contracts which are unlawful or tainted with

fraud, but leaves them in the condition in which their illegal or immoral acts have placed them.

We are therefore of opinion that the evidence offered at the trial was competent, and that it should have been admitted and submitted to the jury, with instructions in conformity to the principles above stated.                    *Exceptions sustained.*